**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**AT COLUMBIA**

| | | |
|---|---|---|
| **PARAS PATEL** | ) | |
| | ) | |
| **v.** | ) | **NO. 1:25-cv-00042** |
| | ) | |
| **UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES** | ) | |
| | ) | |

**TO: Honorable William L. Campbell, United States Chief District Judge**

**R E P O R T   A N D   R E C O M M E N D A T I O N**

By Order entered February 3, 2026 (Docket Entry No. 7), the Court referred this *pro se* civil case to the Magistrate Judge for pretrial proceedings. For the reasons set out below, the Court respectfully recommends that this action be dismissed without prejudice because of a lack of service of process upon the defendant.

Paras Patel ("Plaintiff"), a resident of Pulaski, Tennessee, paid the filing fee and filed this *pro se* action, alleging unlawful withholding or unreasonable delay of Plaintiff's immigration and work authorization forms by Defendant United States Citizenship and Immigration Services. *See* Complaint (Docket Entry No. 1). Plaintiff took no action in the case for several months, and by the February 3, 2026 Order, the Court directed the Clerk to send Plaintiff a blank summons, which Plaintiff was to complete and return to the Clerk within thirty days so that a summons could be issued and sent to Plaintiff for service of process upon the defendant. *See* Docket Entry No. 7 at 2. Plaintiff was specifically advised by the Court that it was her responsibility to ensure that the defendant is served with a summons and a copy of the complaint in accordance with Rule 4 of the Federal Rules of Civil Procedure and that a failure to return a completed summons to the Clerk may result in the dismissal of this case. *Id.* To date, Plaintiff has not returned a completed

summons to the Clerk or otherwise taken any action to serve the defendant with process in this case.[1]

Rule 4(c)(1) of the Federal Rules of Civil Procedure states that "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)." Rule 4(m) provides that:

> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Because the time frame permitted under Rule 4(m) for obtaining service of process upon the defendant has lapsed, the plain language of Rule 4(m) requires that the case be dismissed without prejudice.

Although Plaintiff is proceeding *pro se,* Plaintiff must still comply with the basic procedural rules that are applicable to all litigants, *see Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991); *Aug. v. Caruso*, 2015 WL 1299888, *6 (E.D. Mich. Mar. 23, 2015) ("*pro se* parties must follow the same rules of procedure that govern other litigants"), and, as the party bringing this lawsuit, Plaintiff specifically "bears the burden of perfecting service of process and showing that proper service was made." *Sawyer v. Lexington-Fayette Urb. Cnty. Gov't*, 18 F.App'x 285, 287 (6th Cir. 2001). Plaintiff has not met this burden, and dismissal of the action is warranted under Rule 4(m). *See Walker v. Donahoe*, 528 F.App'x 439, 440-41 (6th Cir. 2013) (affirming the district court's decision to dismiss case because the plaintiff failed to timely perfect service).

[1] Although the United States filed a motion on August 8, 2025, for an extension of time to respond (Docket Entry No. 5), it later moved to strike the motion for an extension, asserting that the motion had been inadvertently filed in this case. *See* Docket Entry No. 6.

## RECOMMENDATION[2]

For the reasons set out above, the Court respectfully **RECOMMENDS** that this action be **DISMISSED without prejudice** under Rule 4(m) of the Federal Rules of Civil Procedure.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

Respectfully submitted,

LYNDA M. HILL
United States Magistrate Judge

[2] This Report and Recommendation provides notice to Plaintiff of the Court's intention to *sua sponte* dismiss the action under Rule 4(m) because of the lack of timely service, and the fourteen day period for filing objections provides Plaintiff with the opportunity to show good cause for why dismissal is not warranted.